IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WHITMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-10-1408-R |
| ) | |
| DAVID MILLER, LCF WARDEN, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Respondent filed a Motion to Dismiss [Doc. No. 10], asserting that Petitioner has failed to exhaust his available remedies. Petitioner filed a response to the motion (Response)[Doc. No. 18]. The undersigned agrees that Petitioner has failed to exhaust his remedies, and for the reasons stated hereafter, recommends that the petition be dismissed.

### Characterization of the Petition

The habeas petition appears on a form used in cases arising under 28 U.S.C. § 2254. Petition, p. 1. However, Petitioner is challenging the computation of his sentence, and his petition should therefore be construed as arising under 28 U.S.C. § 2241. *See, e.g., Yellowbear v. Wyoming Attorney General*, 585 F.3d 921, 924 (10th Cir. 2008) (explaining that Section 2241 is used to attack the execution of a sentence, while Section 2254 is used

to attack the validity of the conviction or sentence).

## Exhaustion Requirements Under 28 U.S.C. § 2241

Although § 2241 contains no express language requiring exhaustion, Tenth Circuit precedent requires a petitioner to exhaust both the prison's internal administrative remedies and available state court remedies as a prerequisite for § 2241 habeas relief. *See Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006).

To satisfy the prison's internal grievance procedures, a petitioner must: 1) attempt informal resolution, 2) submit a "Request to Staff," 3) file a "Grievance," and 4) appeal to the "Administrative Review Authority." Oklahoma Department of Corrections Inmate/Offender Grievance Process, OP-090124. Exhaustion of internal procedures is required to give the prison "'an opportunity to correct its own mistakes . . . before it is haled into federal court[.]'" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citation omitted).

With respect to the exhaustion of state court remedies, a petitioner must show either: 1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or, 2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted).

In Oklahoma, a petitioner may file an application for a writ of mandamus to remedy an alleged miscalculation of earned credits. *See* Okla. Stat. tit. 12, § 1451; *see also Smith v. Scott*, 223 F.3d 1191, 1193 n.1 (10th Cir. 2000) (explaining that Oklahoma inmate exhausted

state court remedies for challenge to earned credits when he filed a writ of mandamus in state court). The petitioner may appeal the denial of mandamus to the state appellate court. *See* Rule 10.1, Rules of the Oklahoma Court of Criminal Appeals (providing that the Oklahoma Court of Criminal Appeals (OCCA) may review applications for extraordinary writs including writs of mandamus, prohibition, and habeas corpus if the applicant has been denied relief in the state district court).

**Petitioner's Failure to Exhaust**

According to Petitioner, he filed a request to staff "about not receiving my Ekstrand credits for being in votech from Nov. 2008 till the present,"[1] to which the "records supervisor respond back that the computer class wasn't a votech and was a extracurricular activity and therefore I was not eligible for Ekstrand[.]" Petition, p. 5. He then (March of 2010) filed a grievance raising the same argument, which the warden denied. Petition, p. 5 & Attachment 1, p. 1 (Order Denying Petition for Writ of Mandamus). After further attempts to exhaust internal administrative remedies, Petitioner filed a writ of mandamus in state court. *See id.* The state district court denied relief, and the OCCA affirmed. *See* Petition, p. 6 & Attachments 1-2. However, as a result of the state court inquiry, DOC determined that Petitioner was in fact due "two for one" earned credits - totaling 248 credits - for the periods of December 17, 2008 to March 9, 2009, and April 1, 2009 to August 24, 2009. Motion to

---

[1] Unless otherwise indicated, quotations in this report are reproduced verbatim.

Dismiss, p. 4 & Exh. 8, p. 3.[2] Those credits were applied to Petitioner's sentence in July 2010. *See id.*

In December 2010, Petitioner filed the present action alleging that he was "entitled to Ekstrand (E6 2 for 1 days) credits for [his] participation in the Basic Computer Votech from Nov. 2008 to Nov. 2010)." Petition, p. 6. Petitioner acknowledged that "a sentence administrator . . . ended up giving me some E6/Ekstrand days[.]" Petition, p. 5. In his Response to the Motion to Dismiss, Petitioner further clarified that he "was bringing to this court a federal habeas corpus claim alleging that he has not been awarded all his E6/2 for 1 'Ekstrand credits' and is entitled to more for his participation in Votech beginning on Nov. 17th, 2008, until Nov. 18th, 2010." Petitioner's Response, p. 2. In further explanation, Petitioner states that because he "never 'worked' any job while at LCF[,]" he is owed credits "for the entire time he was in [the class], from Nov. 17th 2008, until Nov. 18th 2010." *Id.*, p. 3. With this clarification, Petitioner's claim is construed to be that he is entitled to habeas relief in the form of additional credits because he disagrees with the DOC's claim that during

---

[2]Ordinarily, the undersigned would not consider Respondent's attachment on a motion to dismiss. However, this particular attachment contains two affidavits which were submitted as part of the Special Report required by Judge Dixon in the state court mandamus case. Petitioner not only references the mandamus action in his habeas petition, but has specifically requested this Court to consider the state court materials which are subject to judicial notice. *See* Petition, pp. 5, 7 and Attachments 1 & 2; *see also* Petitioner's Response, p. 10. Therefore, the undersigned finds that such material may be considered without converting the motion to dismiss to a motion for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006) (stating that matters of public record are subject to judicial notice and that facts subject to judicial notice "may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment" (citations omitted)).

some of the two year time frame he was ineligible for Ekstrand credits due to his work assignments.[3]

Petitioner explains in detail his attempt to exhaust his claim that he had received no Ekstrand credits for the "computer class" by filing a request to staff, followed by a grievance, and finally an appeal to the Director of DOC, and by filing a petition for writ of mandamus in the district court and appealing the denial of his writ to the OCCA. Petition, pp. 5-6. However, these efforts all occurred *before* the 248 credits were awarded in July 2010. Petition, p. 5; Petitioner's Response, pp. 4-12. Petitioner has failed to demonstrate that he has made any attempt to exhaust his claim that the award of 248 credits in July 2010 was inadequate. Therefore, the undersigned finds that the claim Petitioner raises in this habeas action - his entitlement to more than the 248 credits awarded him in July of 2010 - has not been exhausted, either administratively or in the state courts. Based on that finding, the undersigned recommends that the petition be dismissed.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the Motion to Dismiss be granted to the extent Respondent moves for dismissal based on Petitioner's failure to exhaust his available administrative and state court

---

[3]The award of 248 earned credits in July of 2010 appears to have been based on the DOC's determination that Petitioner was eligible to receive two for one credits from December 17, 2008 to March 9, 2009, and from April 1, 2009 to August 24, 2009, when the Basic Computer program was Petitioner's only assignment. *See* Motion to Dismiss, Attachment 8 (Affidavits of Dean Caldwell and Kevin Moore). Petitioner disputes this conclusion. *See* Petition, p. 6; Petitioner's Response, p. 3.

remedies.[4] The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by November 14th, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 25 day of October, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[4]Because the undersigned's finding that Petitioner's habeas claim is based on the insufficiency of the July 2010 award of credits, the adequacy of Petitioner's attempts to exhaust his administrative remedies in March and April of 2010 as addressed by Respondent's Motion to Dismiss are irrelevant to a determination of the exhaustion of his habeas claims.