## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID WHITMORE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIV-10-1408-R** |
| | ) | |
| **DAVID MILLER, LCF WARDEN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### O R D E R

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review.  On October 25, 2011, Judge Roberts issued a Report and Recommendation wherein she recommended that the petition be construed pursuant to 28 U.S.C. § 2241, because Petitioner is challenging computation of his sentence, and further that Respondent's motion to dismiss be granted, because Petitioner had failed to exhaust his administrative remedies.  The matter is currently before the Court on Petitioner's objection to the Report and Recommendation.

As noted Judge Roberts' recommendation is based on Petitioner's failure to exhaust his administrative remedies.  She concluded that because following Petitioner's original grievance Respondent awarded him 248 credits for the computer course in which he was

enrolled, that he was then required to exhaust his entitlement to more than the 248 credits, both administratively and in state court.[1]

In his objection Petitioner stands on the administrative and judicial review he sought before being awarded any credits, which was concluded after those credits were awarded to him  He contends that he exhausted because once he discovered he was not receiving the proper credits for his vo-tech class, he initiated the exhaustion process, which he carried through to the  Oklahoma Court of Criminal Appeals.  Petitioner contends he should not be required to restart the exhaustion process solely because Respondent decided, at some point in time during Petitioner's attempt to exhaust, that he had been denied credits to which he was entitled, that he should not be required to begin his exhaustion attempt anew.[2]

The Court declines to adopt the Report and Recommendation, and therefore denies the motion to dismiss.  Petitioner initiated exhaustion proceedings in accordance with Department of Corrections policy, and throughout the proceedings his argument has remained the same, he is entitled to 2-for-1 credits based on his participation in a vo-tech course from November 2008 through November 2010.  Although Petitioner was granted some of his requested credits, the Court concludes this does not require him to begin exhaustion again.  The question is whether he is entitled to additional credits for those

[1] Those credits were awarded in July 2010, at which time the Petitioner's application for writ of mandamus was pending in the District Court of Oklahoma County, Case No. CV-2010-532.  The 248 credits were apparently intended to cover the periods between December 17, 2008 and March 9, 2009, and April 1, 2009 to August 24, 2009.

[2] Respondent argued that Petitioner had only exhausted his request for credits up to April 2010, when he first sought administrative relief, and that any allegation of eligibility for credits after that date would require exhaustion via separate proceedings.  The Court finds this argument completely unpersuasive.

periods not covered by the Department of Corrections' decision in July 2010 to award him 248 credits.  Although the parameters of the issue have been narrowed, the issue remains the same.  Furthermore, the goal of exhaustion has been met in this case, because the Respondent was given the opportunity to address the claim on the merits, and indeed did so during the course of the state court litigation.  Petitioner's remaining complaint is that the original relief did not extend far enough.   The Court finds, however, that the original exhaustion sufficiently covered the instant § 2241 claim.

Accordingly, the Court declines to adopt the Report and Recommendation.  The Respondent's motion to dismiss is hereby DENIED.  The matter is hereby remanded to Magistrate Judge Bana Roberts for additional proceedings.

IT IS SO ORDERED this 22nd day of November 2011.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE