IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WHITMORE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )     CIV-10-1408-R |
| | ) |
| DAVID MILLER, LCF WARDEN, | ) |
| | ) |
|     Respondent. | ) |

**O R D E R**

Petitioner filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which the Court previously indicated it would construe as having been filed pursuant to 28 U.S.C. § 2241, because Petitioner is challenging the execution of his sentence. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On October 25, 2011, Judge Roberts issued a Report and Recommendation recommending therein that Respondent's motion to dismiss be granted, because Petitioner had failed to exhaust his administrative remedies. The Court declined to adopt the Report and Recommendation and remanded the matter to Judge Roberts for additional proceedings. On May 31, 2012, Judge Roberts issued a Report and Recommendation wherein she recommended the petition be dismissed as untimely filed pursuant to a motion to dismiss filed by Respondent.[1] The matter is currently before the Court on Petitioner's objection to the Report and Recommendation.

---

[1] Petitioner contends the undersigned ordered Respondent to address the merits of his petition. Nothing in the Court's prior order in this case was intended to foreclose a statute of limitations defense by Respondent.

Petitioner is seeking an order awarding him credits for certain vo-tech classes he has completed during his incarceration. Petitioner participated in the class from November 2008 until November 2010, and contends he is entitled to credits for that time. Petitioner contends the Department of Corrections has denied his request, stating the class was extra curricular and therefore not eligible for credits. Respondent contends Petitioner had one year to seek the credits by filing for § 2241 relief, and that his petition, filed on December 30, 2010, was untimely. Judge Roberts concluded that Petitioner could have discovered that Department of Corrections was not awarding him *Ekstrand* credit for the class in June 2009, when he received a consolidated record card. She further found that Petitioner was entitled to tolling of the statute of limitations period for 170 days, rendering his petition untimely by thirteen days.

Petitioner contends Respondent waived the statute of limitations defense by failing to raise it in his first motion to dismiss. The Court concludes Respondent did not waive this argument in filing the original motion to dismiss. As noted by Judge Roberts, when the Court considered the issue of exhaustion in response to her initial Report and Recommendation, it construed Petitioner's claims in a different manner than she had. The Court's liberal construction, which prior to November 22, 2011, had not been anticipated by Respondent, granted Respondent the opportunity to challenge those claims. Petitioner is entitled to liberal construction of his *pro se* filings, and Respondent is entitled to respond to such construction without prejudice if it has construed Petitioner's claims differently than the Court subsequently construes them.

Petitioner's reliance on *Weibley v. Kaiser*, 50 Fed.Appx. 399 (10th Cir. Nov. 6, 2002), is misplaced. Although in a § 2254 proceeding challenging a state court conviction the statute of limitations does not begin to run until a conviction becomes final, which is either when certiorari is denied or the time for filing a petition for certiorari with the Supreme Court ends, that provision is not applicable to the current case. Rather, as noted by Judge Roberts, the statute of limitations period expired one year after the factual predicate of the claim could have been discovered through the exercise of due diligence, which Judge Roberts correctly concluded was in June 2009, and was tolled during the pendency of his mandamus action and appeal.

Contrary to Petitioner's contentions, there is no confusion that this case and Case No. CIV-10-1409 are identical. There are, however, overlapping issues, including when Petitioner received the relevant information regarding calculation of his sentence and whether he was receiving certain credits. In short, Petitioner should have known in June 2009 that he was not receiving the 2-for-1 credits for being enrolled in a vo-tech class and should have raised his challenge at that time. As in Case No. CIV-10-1409, Petitioner is challenging the denial of certain credit, and as in that case, Petitioner did not timely and diligently exhaust his administrative remedies, waiting until March 2010 to file a grievance, and thus *Dulworth v. Evans*, 442 F.3d 1265 (10th Cir. 2006) does not govern this case.[2]

---

[2] Although the Court concluded that Petitioner sufficiently exhausted his claims regarding the denial of 2-for-1 credits for his vo tech class, that is that he gave the prison sufficient opportunity to redress the issue, the prior ruling did not preclude the Court's conclusion at this juncture that Petitioner is not entitled to rely on *Dulworth* for the starting of the statute of limitations.

The remaining arguments made by Petitioner do not persuade the Court that he is entitled to equitable tolling of the statute of limitations period.

For the reasons stated herein, the Report and Recommendation is hereby ADOPTED, and Respondent's motion to dismiss is GRANTED. This action is hereby DISMISSED AS UNTIMELY.

IT IS SO ORDERED this 23rd day of July, 2012.

／s／ David L. Russell
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE